# United States District Court
## Southern District of Florida
### FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED** |
| V. | **JUDGMENT IN A CRIMINAL CASE** |
| ADRIANO MARTINEZ | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **00-6360-CR-WPD** |
| | Counsel For Defendant: **Stepehn Golembe, Esq.** |
| | Counsel For The United States: **Donald Chase, II, AUSA** |
| | Court Reporter: **Robert Ryckoff** |

**THE DEFENDANT:**

[X] pleaded guilty to count(s)  2,3,4

[ ] pleaded nolo contendere to count(s)
    which was accepted by the court.

[ ] Was found guilty on count(s)
    after a plea of not guilty

| Title & Section Number(s) | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|
| 18 USC § 659 | Knowingly and Willfully Receiving and Possessing Chattels of a Value in Excess Of $1,000 Which Were Part of an Interstate Shipment of Freight | 12/3/1999 | 2-4 |

The defendant is sentenced as provided in pages 2 through __7__ Of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s)

[X] Count(s)    ONE    (Is) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **7/1/1940**
Defendant's USM Number: **66770-004**

Defendant's Residence Address:
50 West 23 Street, #2

Hialeah, FL 33010

Defendant's Mailing Address:
50 West 23 Street, #2

Hialeah, FL 33010

June 29, 2001
Date of Imposition of Judgment

Signature of Judicial Officer

**William P. Dimitrouleas**
United States District Judge

Date: April 12, 2004



Case 0:00-cr-06360-WPD  Document 400  Entered on FLSD Docket 04/13/2004  Page 2 of 6
USDC FLSD 245B (Rev. 9/00) Sheet 4 - Probation

Judgment-Page 2 of 7

DEFENDANT: **MARTINEZ, ADRIANO**
CASE NUMBER: **00-6360-CR-WPD**

# PROBATION

The defendant is hereby placed on probation for a term of    Three (3) Years on each count to run concurrent.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.
*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

☒ **The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each Month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other Acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer and controlled Substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a Felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at anytime at home or elsewhere and shall permit confiscation of any Contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the Permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal Record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the Defendant's compliance with such notification requirement.

Judgment-Page 3 of 7

**DEFENDANT: MARTINEZ, ADRIANO**
**CASE NUMBER: 00-6360-CR-WPD**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in the Home Detention Program for a period of six (6) months. During this time the defendant shall remain at his or her place of residence except for employment and other activities approved in advance by the United States Probation Officer.

At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the Immigration and Naturalization Service for deportation proceedings consistent with the Immigration and Nationality Act.

If deported, the defendant shall not reenter the United States without the express permission of the United States Attorney General. The term of supervision shall be non-reporting if the defendant resides outside the United States. If the defendant should reenter the United States within the term of supervised release, the defendant is to report to the nearest United States Probation Office within 72 hours of his or her arrival.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.

USDC FLSD 245B (Rev. 9/00) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __4__ of __7__

DEFENDANT: **MARTINEZ, ADRIANO**
CASE NUMBER: **00-6360-CR-WPD**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $300.00 | $0. | $ 182,855.92 |

[ ]  The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[X] **The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.**

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage of Payment |
|---|---|---|---|
| Paper Graphics, Inc.<br>80 route 101A<br>Amherst, NH 03031 | $96,480.60 | $96,480.60 | |
| Condor Transporting Co.<br>112 Hicks Drive<br>PO Box 1569<br>Perry, GA 31069 | $751.00 | $751.00 | |
| Clorox, Inc.<br>4795 Contes Drive<br>Fairburn, GA 30213 | $7,669.52 | $7,669.52 | |
| **Totals:** | $104,901.12 | $104,901.12 | |

[ ]  If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . $

[ ]  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part 8 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]  The interest requirement is waived for the fine and/or restitution.

    [ ]  The interest requirement for the fine and/or restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

US
DC FLSD 245B (Rev. 9/00) Sheet 5, Part B - Schedule of Payments

Judgment-Page 5 of 7

**DEFENDANT: MARTINEZ, ADRIANO**
**CASE NUMBER: 00-6360-CR-WPD**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [X]  **Lump sum payment of $ 183,155.92  Due immediately.**

       Not later than _____ , or
       In accordance with C, D, or E below; or

B  [ ]  Payment to begin immediately (may be combined with C, D, or E); or

C  [ ]  Payment in _____ (E.g., equal, weekly, monthly, quarterly) installments of $ _____ Over a period of _____ (E.g., months or years), to commence _____ (E.g., 30 to 60 days) after the date of this judgment; or

D  [ ]  Payment in _____ (E.g., equal, weekly, monthly, quarterly) installments of $ _____ Over a period of _____ (E.g., months or years), to commence _____ (E.g., 30 to 60 days) after release from imprisonment to a term Of supervision; or

E  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33132**

**The fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

[X]  **Joint and Several**
    Defendant Name, Case Number, and Joint and Several Amount: with co-defendants in case no.: 00-6360-CR-DIMITROULEAS

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 0:00-cr-06360-WPD    Document 400    Entered on FLSD Docket 04/13/2004    Page 6 of 6